IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLEVON JENKINS, <br><br> **Plaintiff** <br><br> v. <br><br> SCOTT SCHWEIZER, et al., <br><br> **Defendants** | CIVIL ACTION <br><br><br><br> NO. 21-1548 |

MEMORANDUM RE: DEFENDANTS' MOTION TO DISMISS

**Baylson, J.**                                                              **July 21, 2021**

I.      **Introduction**

This case arises from two arrests of Clevon Jenkins ("Plaintiff") by Philadelphia police officers in 2018 in relation to a narcotics investigation.  Plaintiff's Complaint alleges violations of his civil and statutory rights under 42 U.S.C. § 1983 and Pennsylvania tort law.

Defendants are police officers for the Philadelphia Police Department, they move to dismiss Plaintiff's Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  For the foregoing reasons, the Court will **GRANT** Defendants' Motion to Dismiss without prejudice, with leave for Plaintiff to amend.

II.     **Factual and Procedural Background**

Plaintiff was arrested twice and charged with possession with intent to distribute, purchase/receipt of narcotics, and simple possession in relation to a narcotics investigation sometime in 2018.[1]  Compl. ¶ 12, ECF 1.  Plaintiff claims that all charges against him were dismissed/withdrawn in Philadelphia Criminal Court on April 16 and June 10 of 2019.  Id. ¶ 14.

---

[1] The Complaint does not specify arrest dates.

He alleges that the Defendants, Philadelphia police officers, lacked probable cause to arrest, detain, and prosecute him because he did not participate in any criminal activity, and had not sold, possessed, nor purchased drugs.  Id. ¶ 15.  Plaintiff further asserts that after being arrested, Defendants and other law enforcement agents completed police paperwork indicating that probable cause existed that Plaintiff committed a criminal act and should therefore be criminally charged. Id. ¶ 20.  This paperwork was then forwarded to the Philadelphia District Attorney's Office for prosecution.  Id.  Plaintiff claims he was not violating any laws before or at the time of his arrests, and at no time during the narcotics investigation was he participating in any criminal activity.  Id. ¶¶ 15, 23, 25.

Plaintiff alleges violations of his civil and statutory right to be free from malicious prosecution under both 42 U.S.C. § 1983, specifically his constitutional right under the Fourth Amendment, and Pennsylvania tort law.  Compl. at 2.  The Complaint states one count for Malicious Prosecution and requests exemplary and punitive damages plus attorneys' fees and costs in an amount in excess of $150,000 against all Defendants, excluding any municipalities, officially, personally, professionally, individually, jointly, and severally.  Id. ¶¶ 32, 38.

Defendants Scott Schweizer, Erik Pross, Patrick Banning, Michael Szelagowski, and John/Jane Doe Officers 1-10, police officers for the Philadelphia Police Department, filed a Motion to Dismiss for failure to state a claim alleging Plaintiff's complaint lacked adequate facts to support his allegations.  Defs.' Mot. to Dismiss 2, ECF 3.  Plaintiff opposed the Motion to Dismiss on May 18, 2021, and Defendants replied in support on May 25, 2021. Pl.'s Resp. in Opp'n, ECF 6; Defs.' Reply to Pl. Resp. in Opp'n, ECF 7.

II.     <u>Legal Standards</u>

a.  **Motion to Dismiss**

A motion to dismiss for failure to state a claim tests the sufficiency of a complaint.  <u>Fed. R. Civ. P.</u> 12(b)(6); <u>Kost v. Kozakiewicz</u>, 1 F.3d 176, 183 (3d Cir. 1993).  In considering a motion to dismiss under Rule 12(b)(6), the Court "accept[s] all factual allegations as true [and] construe[s] them in the light most favorable to the plaintiff."  <u>Warren Gen. Hosp. v. Amgen, Inc.</u>, 643 F.3d 77, 84 (3d Cir. 2011) (internal citations omitted); <u>See</u> <u>Fed. R. Civ. P.</u> 12(b)(6).  The Court in <u>Iqbal</u> explained that, although a court must accept as true all factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted.  <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 678, 679 (2009).

Taking the well-pleaded facts as true, the court must ascertain whether the complaint is supported by well-pleaded factual allegations, then determine whether the plaintiff is "plausibly" entitled to relief.  <u>Iqbal</u> 556 U.S. at 679; <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210-11 (3d Cir. 2009).  That is, the pleadings must contain sufficient factual content to allow a court to make "a reasonable inference that the defendant is liable for the misconduct alleged."  <u>Iqbal</u>, 556 U.S. at 679.  The Third Circuit has held that R. 8(a)(2) "requires not merely a short and plain statement, but instead mandates a statement 'showing that the pleader is entitled to relief' …. [T]here must be some showing sufficient to justify moving the case beyond the pleadings to the next stage of litigation."  <u>Phillips v. Cnty. of Allegheny</u>, 515 F.3d 224, 234-35 (3d Cir. 2008) (quoting R. 8(a)(2)).

b. **Malicious Prosecution Under Pennsylvania Tort Law and § 1983:**

To state a claim for malicious prosecution under Pennsylvania tort law, a plaintiff must plausibly allege facts showing that "the defendant . . . instituted proceedings against the

plaintiff…without probable cause, . . . with malice, and . . . the proceedings must have terminated in favor of the plaintiff." Wagner v. N. Berks Reg'l Police Dep't, No. 5:17-cv-3786, 2018 WL 3361070, at *2 (E.D. Pa. July 10, 2018) (Leeson, Jr., J.) (citing Kelley v. Gen. Teamsters, Chauffeurs & Helpers, Local Union 249, 544 A.2d 940, 951 (Pa. 1988)).

Section 1983 of the U.S. Code provides a remedy for a person who, under the color of law, has been deprived of his constitutional rights by another person. To establish a claim under § 1983, a plaintiff must allege both (1) "a deprivation of a federally protected right" and (2) that the "deprivation was committed by one acting under color of state law." Lake v. Arnold, 112 F.3d 682, 689 (3d Cir. 1997).

A malicious prosecution claim under § 1983 requires a plaintiff to allege a constitutional violation in addition to the elements of the common law tort. Wagner, 2018 WL 3361070, at *2. A plaintiff claiming malicious prosecution under § 1983 must allege facts showing "(1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." Id. (citing Johnson v. Knorr, 477 F.3d 75, 82 (3d Cir. 2007)).

## III.   Parties' Arguments

Plaintiff alleges that Defendants lacked probable cause to arrest, detain, and prosecute him. Compl. ¶ 15. An officer has probable cause for an arrest "when the facts and circumstances within the arresting officer's knowledge are sufficient . . . to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." Orsatti v. N.J. State Police, 71 F.3d 480, 483 (3d Cir. 1995).

**a. Defendants' Motion to Dismiss for Failure to State a Claim**

Defendants have moved to dismiss Plaintiff's Complaint for failure to state a claim pursuant to R. 12(b)(6) and 8(a).  Defs.' Mot. to Dismiss 2, See Fed. R. Civ. P. 12(b)(6), 8(a)(2). Defendants first argue that the Plaintiff has failed to provide any "information" about the arrests aside from the officers he alleges were involved.  Defs.' Mot. to Dismiss 4.  This court finds Defendants' use of the word "information" as inherently vague and prefers to reference "facts" as Rule 12(b)(6) requires. As Defendants point out, Plaintiff does not state a date, time or location of the arrests which are facts within his own knowledge. Further, Plaintiff only provided docket numbers for the criminal proceedings which have since been withdrawn or dismissed.[2] Id. at 5. Accordingly, Defendants argue that the Plaintiff has failed to provide the most basic, essential facts informing which narcotics investigation the Plaintiff has alleged was a malicious prosecution. Id.  Defendants assert that they are unable to adequately respond with the limited number of facts included in Plaintiff's Complaint.  Id.

Defendants also contend the Plaintiff has failed to include any facts connecting specific Defendants with the alleged incident.  Id. at 6.  Defendants contend that Plaintiff has not alleged each Defendants' personal involvement in the alleged wrongs, as he must in a civil rights action, and Plaintiff cannot sustain a § 1983 claim without averring the existence of each Defendants' personal involvement in the actions giving rise to the complaint.  See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (upholding motion to dismiss when Plaintiff failed to allege Defendant's involvement with the required particularity).  In such civil rights cases, a plaintiff's complaint must include "allegations of personal direction or of actual knowledge and

---

[2] Defendants' Motion to Dismiss indicates that a search of the Unified Judicial System of Pennsylvania Web Portal of the two docket numbers did not garner any results and suggests they have likely been expunged from public record.  Defs.' Mot. to Dismiss 3, n.1.

acquiescence," and such allegations "must be made with appropriate particularity."   See id. Defendants claim that Plaintiff's failure to indicate each individual Defendant's involvement and grouping of officers together as Jane/John Doe Officers 1-10 indicates the lack of required facts. Defs.' Mot. to Dismiss 6.

### b. Plaintiff's Response in Opposition to Motion to Dismiss

Plaintiff states that he has provided sufficient factual content to survive the motion to dismiss.  Pl. Resp. in Opp'n 2, ECF 6.  He contends that all the documents he would use to provide more specific facts have not yet been provided to him since the Commonwealth was not required to provide discovery when his criminal charges were dismissed.  Id.  Plaintiff further requested that the Court order the defense to provide him with initial discovery disclosures and allow him chance to amend the Complaint, in addition to any other relief the Court deems appropriate.  Id. at 3.

### c. Defendants' Reply to Plaintiff's Response in Opposition

Defendants reiterate in their reply that Plaintiff lacks sufficient facts to survive the Motion to Dismiss.  Defs.' Reply to Pl. Resp. in Opp'n 3.  They further argue that the Plaintiff's incomplete Complaint is an attempt to send the Defendants on a "fishing expedition" in order to find the facts on the alleged malicious prosecution.  Id. at 4-5.  Finally, Defendants respond to Plaintiff's request for initial discovery disclosures by citing Fed. R. Civ. P. 26(a) indicating that "litigants are not required to provide initial disclosures until after the parties' conference, generally in advance of a Rule 16 conference."  Id. at 4.

## IV.   Analysis

Plaintiff's Complaint fails the test established by the United States Supreme Court to determine whether to grant a motion to dismiss.  See Iqbal, 556 U.S. at 679; Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 555 (2007).  The Complaint is not supported by well-pleaded factual allegations and fails to provide Defendants with adequate notice. Accordingly, the Court is unable to make "a reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 679. Due to these insufficiencies, this Court is unable to plausibly infer that Defendants lacked probable cause such that the tort of malicious prosecution may have taken place.

For similar reasons, Plaintiff's § 1983 claim cannot survive dismissal. A plaintiff who "asserts no other facts that would shed light on the circumstances under which he was arrested, on what the officers knew or should have known at the time of the arrests, or on any other factors that might have a bearing on the claims he attempts to raise" fails to plead sufficient facts to survive a motion to dismiss. Jenkins v. City of Philadelphia, No. 15-3271, 2015 WL 5585186, at *3 (E.D. Pa. Sept. 23, 2015) (Pratter, J.).  Further, a plaintiff must make a "'showing,' rather than a blanket assertion, of entitlement to relief" that rises 'above the speculative level.'"  McTernan v. City of York, 564 F.3d 636, 658 (3d Cir. 2009) (quoting Phillips v. Cty. of Allegheny, 515 F.3d 224, 231–32 (3d Cir. 2008)).  In the present case, Plaintiff only included docket numbers to expunged cases without any factual information relating to the narcotics investigation or arrests which the Complaint is based on.

Plaintiff must provide the facts of his own knowledge about both arrests and must make any allegations that are available from the expungement proceedings, or any other sources of facts of these events that may be reasonably ascertained. Plaintiff has an obligation to state at least his own recollection of the facts of the arrests he currently challenges, including his actions before, during, and after these arrests.  Plaintiff likewise pled no factual allegations indicating which specific Defendants were present or how they were involved at the time of his arrests.  Plaintiff must amend his Complaint to include as many allegations about the identity and conduct of each

listed Defendant as possible. If he is unable to do so, he must indicate why.  Plaintiff is not owed

the initial discovery disclosures he requests; complaints can be drafted based on a plaintiff's

relation of facts from his own perspective.  Plaintiff should also clarify why he brings a malicious

prosecution claim instead of a false arrest claim for a lack of probable cause.

## V.      Conclusion

For the reasons provided and consistent with the goals of notice pleading, Defendants'

Motion to Dismiss is **GRANTED** without prejudice, with leave to amend.  An appropriate order

follows.